## SHEETS *v.* JONES.

[No. 11,762.   Filed January 30, 1924.]

1.  TRIAL.—*Special Finding.—When Deemed General Finding.*— When no request is made for a special finding of facts, a finding in the form of a special finding must be treated as a general finding.   p. 43.

2.  MORTGAGES.—*Form of Deed.—Right of Redemption.*—When a deed has been executed as a security for a debt, and the grantor and grantee have had business transactions the profits of which the grantor claims to have paid the debt, and the grantee refuses an accounting of said transactions and said indebtedness, the grantor is entitled to bring an action for an accounting, to have the deed declared a mortgage and to have a decree declaring his right to redeem.   p. 43.

3.  MORTGAGES.—*Form of Deed.—Complaint to Redeem.*—In a complaint by the grantor against the grantee of a deed executed as security for a debt, for an accounting of the profits of business transactions between them, and to be allowed to redeem, an averment that "said indebtedness has been fully paid" was not necessary, and the failure to prove said averment did not entitle the defendant to a judgment.   p. 43.

From Vigo Superior Court; *Clarence A. Royse,* Special Judge.

Action by John L. Jones against Martin A. Sheets.

From a judgment for plaintiff, the defendant appeals. *Affirmed*.

*Duff Caldwell* and *Josiah T. Walker*, for appellant.

*McNutt, Wallace, Harris & Randel* and *James H. Caldwell*, for appellee.

ENLOE, J.—This was an action by the appellee against the appellant by which he sought to have a certain warranty deed executed by himself to appellee, declared to be a mortgage, and for an accounting, etc.

It appears by the averments of the complaint that in 1907, the appellee was indebted to the appellant in the sum of $2,000, which was evidenced by a promissory note for that sum; that to secure the payment of said note, he assigned and turned over to appellant certain promissory notes as collateral security; that in 1908, he turned over to the appellant certain additional notes as further collateral security; that in 1910, to further secure said indebtedness, the appellee, his wife joining therein, executed to the appellant a warranty deed for certain lands, under an agreement with the appellant to reconvey said lands when said indebtedness was paid. The complaint also set forth a number of transactions in which it was alleged that both of said parties were interested, alleged that a profit had been made in each of said transactions, that appellant had received and retained said profits; that an accounting had been demanded by appellee of said transactions and said indebtedness, and that the same had been refused. There was a prayer for an accounting, that said deed be declared to be a mortgage and the appellant ordered to reconvey said lands, and for all proper relief.

The complaint was met by an answer in general denial, and in four affirmative paragraphs, and also by a cross-complaint by appellant, wherein he alleged that he was the owner of said lands, and asked to have his

title thereto quieted. An answer in general denial closed the issues, which were submitted to the court for trial and resulted in a finding and decree in favor of appellee. There was a motion to modify the judgment, also a motion to retax costs, each of which was overruled, and these rulings are the only matters presented on this appeal.

There was no request for a special finding of facts, and the finding in this case, while amplified, must be therefore treated as simply a general finding for 1. the appellee upon the material averments of his complaint, and, as against the appellant, upon the issues tendered by his affirmative paragraphs of answer, and by his cross-complaint.

The complaint in this case was not an action at law to recover money due, but was essentially a bill in equity for an accounting and for the right to redeem the 2, 3. lands so conveyed by said deed, treating the same as a mortgage. When the appellant refused the appellee an accounting, as, upon the record before us, we must presume he did, the appellee became at once entitled to bring this action, and he was entitled to have, not only an accounting, and to have the court state the balance due appellant, if anything, but also to a decree allowing him to redeem. The averment in the complaint that "said indebtedness had been fully paid," was not a necessary allegation in his said complaint, there being a dispute between the parties as to the amount, if any, remaining unpaid of said indebtedness, and the appellant having refused the demanded accounting. The fact that the said debt had not been fully paid was not conclusive in appellant's favor. The decree was in accordance with the general finding and the court did not err in overruling either of said motions.

Judgment affirmed.